GERARD C. RICKHOFF            DONNA KAY McKINNEY

## COUNTY CLERK & DISTRICT CLERK
## COURT RECORDS SEARCH

# Case #2017CI00597

**Name**: RALPH NEFF

**Date Filed** : 01/12/2017

**Case Status** : PENDING

**Litigant Type** : PLAINTIFF

**Court** : 407

**Docket Type** : DEBT/CONTRACT

**Business Name** :

**Style** : RALPH NEFF ET AL

**Style (2)** : vs ALLSTATE VEHICLE AND PROPERTY INSURANCE CO

---

EXHIBIT

*tabbies*

𝓑

GERARD C. RICKHOFF          DONNA KAY McKINNEY

# COUNTY CLERK & DISTRICT CLERK
## COURT RECORDS SEARCH

# Case #2017CI00597

**Name**: MIRIAM NEFF

**Date Filed** : 01/12/2017

**Case Status** : PENDING

**Litigant Type** : PLAINTIFF

**Court** : 407

**Docket Type** : DEBT/CONTRACT

**Business Name** :

**Style** : RALPH NEFF ET AL

**Style (2)** : vs ALLSTATE VEHICLE AND PROPERTY INSURANCE CO

GERARD C. RICKHOFF                    DONNA KAY McKINNEY
COUNTY CLERK & DISTRICT CLERK
COURT RECORDS SEARCH

# Case #2017CI00597

**Name**:

**Date Filed** : 01/12/2017

**Case Status** : PENDING

**Litigant Type** : DEFENDANT

**Court** : 407

**Docket Type** : DEBT/CONTRACT

**Business Name** : ALLSTATE VEHICLE AND PROPERTY INSURANCE CO

**Style** : RALPH NEFF ET AL

**Style (2)** : vs ALLSTATE VEHICLE AND PROPERTY INSURANCE CO

# Case History

*Currently viewing 1 through 5 of 5 records*

| Sequence | Date Filed | Description |
| --- | --- | --- |
| P00004 | 3/3/2017 | ORIGINAL ANSWER OF<br>ALLSTATE VEHICLE AND PROPERTY INSURANCE<br>COMPANY |
| S00001 | 1/17/2017 | CITATION<br>ALLSTATE VEHICLE AND PROPERTY INSURANCE CO<br>ISSUED: 1/17/2017 RECEIVED: 2/10/2017<br>EXECUTED: 2/10/2017 RETURNED: 2/11/2017 |
| P00003 | 1/12/2017 | SERVICE ASSIGNED TO CLERK 2 |
| P00002 | 1/12/2017 | CIVIL CASE INFORMATION SHEET |
| P00001 | 1/12/2017 | PET FOR HAIL DAMAGE RESIDENTIAL |

FILED
1/12/2017 1:10:16 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Laura Rodriguez

cit pps/sac2 m/o

## CAUSE NO. 2017CI00597

| | | |
|---|---|---|
| RALPH NEFF AND MIRIAM NEFF, *Plaintiff,* | § § § | IN THE DISTRICT COURT |
| | § § | |
| v. | § § | 407th JUDICIAL DISTRICT |
| | § § | |
| ALLSTATE VEHICLE AND PROPERTY INSURANCE CO., *Defendants.* | § § § | BEXAR COUNTY, TEXAS |

### PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, RALPH NEFF and MIRIAM NEFF (herein "Plaintiffs") and file their *Plaintiffs' Original Petition and Request for Disclosure*, complaining of ALLSTATE VEHICLE AND PROPERTY INSURANCE CO. (herein "Allstate"), and respectfully show this Honorable Court the following:

### I.    DISCOVERY CONTROL PLAN

1. Plaintiffs intend for discovery to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

### II. PARTIES

2. Plaintiffs Ralph and Miriam Neff are individuals residing in Bexar County, Texas.

3. Defendant Allstate is an insurance company engaged in the business of insurance in the State of Texas with its principal office located in Northbrook, Illinois. The causes of action asserted arose from or are connected with purposeful acts committed by Defendant in the State of Texas, in Bexar County. Defendant Allstate may be served via its attorney for service: CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

EXHIBIT
B-1
tabbies

### III. JURISDICTION

4.     The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Plaintiffs are seeking monetary relief over $200,000 but not more than $1,000,000. Plaintiffs reserve the right to amend their petition during and/or after the discovery process.

5.     The Court has jurisdiction over Defendant Allstate because this defendant engages in the business of insurance in the State of Texas, and Plaintiffs' causes of action arise out of this defendant's business activities in the State of Texas.

### IV. VENUE

6.     Venue is proper in Bexar County, Texas, because the insured property is situated in Bexar County, Texas. TEX. CIV. PRAC. & REM. CODE §15.032.

### V. FACTS

7.     Plaintiffs are the owners of a Texas Homeowners' Insurance Policy, with Policy No. 000829068072, which was issued and sold by Allstate (hereinafter referred to as "the Policy").

8.     Plaintiff owns the insured property, which is specifically located 20515 View Meadow, San Antonio, TX 78258 which is located in Bexar County, Texas (herein "the Property").

9.     On or about April 28, 2016, a severe wind and/or hail storm struck Bexar County, Texas ("the Incident"). On or about August 23, 2016, Plaintiffs' independent adjusters conducted an inspection of the Property. Plaintiffs' adjusters found that the Property sustained substantial wind and/or hail damage as a result of the Incident. Specifically, the composition shingle roof of Plaintiff's dwelling sustained extensive wind and/or hail damage and requires full replacement along with the following roof fixtures: ridge cap, continuous ridge vent, step flashing, drip edge, metal valley, pipe jacks, chimney flashing, chimney chase cover, flue cap, and fascia. Plaintiffs' adjusters also determined that the siding and other exterior components were damaged during the

storm and require the following repairs: removal and replacement of fiber cement lap siding, removal and replacement of siding trim, removal and replacement of house wraps, sealing with silicone caulking, and the sealing and painting of siding. Additionally, the storm damaged windows, requiring the removal and replacement of two (2) window screens and two (2) aluminum windows.    Lastly, the storm caused extensive hail damage to the fencing on the Property, necessitating its full removal and replacement.

10.     On or about May 22, 2016, Plaintiffs submitted a claim to Allstate for hail and wind damage to the Property sustained as a result of the Incident, and their claim was assigned claim number 0412920597 by Defendant Allstate ("the Claim"). Plaintiffs asked that Allstate cover all costs of repairs to the Property, as shown *supra*, pursuant to the Policy.

11.     Allstate acknowledged the claim and informed the Plaintiffs that further on-site investigation of the claim might be necessary.

12.     Thereafter, Allstate assigned Bruce Bankston (Texas Adjuster License No. 1640867) (herein "Mr. Bankston") to inspect the Property and adjust the claim on behalf of Defendant Allstate. Mr. Bankston was improperly trained and/or supervised and failed to perform a thorough investigation of Plaintiffs' claim. Specifically, Mr. Bankston conducted a substandard inspection of Plaintiffs' property. The inadequacy of Mr. Bankston's inspection is clearly evidenced by his report, which failed to include and/or under-scoped/undervalued many of Plaintiffs' covered damages. For example, while Mr. Bankston made an allowance in his report for the replacement of Plaintiffs' damages shingles, he miscalculated the amount of shingles necessary to effect repairs and/or miscalculated waste. Moreover, Mr. Bankston allowed for the replacement of Plaintiffs' damaged shingles with 3 tab – 20 yr. grade shingles, rather than the thicker, more durable 3 tab 25 yr. grade shingles that are warranted.   Additionally, Mr. Bankston failed to take into account materials reasonably necessary to effect repairs to the roof, such as an all-purpose poly tarp and an

asphalt peel and stick starter kit. Furthermore, Mr. Bankston failed to assess substantial hail damage to Plaintiffs' siding – despite the presence of clear evidence of hail strikes and marring. Mr. Bankston's most egregious omission is his failure to make an allowance in his report for the *full removal and replacement* of Plaintiffs' damaged fencing; again, Mr. Bankston failed to assess properly covered damages despite the presence of extensive, readily apparent hail damage and marring known as hail "splatter." The top of the fencing planks was shorn off by the force of hail and/or wind driven debris – yet, Mr. Bankston noted in his report that the fencing showed only "[s]platter but no damage." This finding is totally at variance with the pictures of hail damage documented by Plaintiffs' independent adjusters; moreover, the conspicuous nature of the damage to the fencing suggests that it could only be left off the estimate in an unlawful effort to underpay the claim. Furthermore, Mr. Bankston improperly calculated depreciation when he was determining the actual cash value of damages. Mr. Bankston applied excessive depreciation to items in his estimate without a reasonable basis for the application of such patently excessive depreciation or sufficient annotations or notes in his estimate regarding the age, condition, or wear of the items to which he applied depreciation. In addition to omitting and undervaluing many of Plaintiffs' covered damages in his report, Mr. Bankston underpriced the cost of materials required for necessary repairs, incorrectly applied material sales tax, failed to properly account for overhead and profit, and improperly calculated the actual cash value of Plaintiffs' loss under the Policy. Ultimately, Mr. Bankston's estimate did not allow adequate funds to cover the cost of repairs for all of the damages sustained by Plaintiffs. Mr. Bankston's inadequate investigation was relied upon by Allstate in this action and resulted in Plaintiffs' claim being improperly adjusted and undervalued.

13.     Defendant Allstate failed to adequately train and supervise Mr. Bankston, resulting in the unreasonable investigation and improper handling of Plaintiffs' claim. Moreover, Allstate failed

to thoroughly review and properly oversee the work of Mr. Bankston, ultimately approving an improper adjustment and an inadequate, unfair settlement of Plaintiffs' claim. As a result of Defendant's wrongful acts and omissions set forth above and further described herein, Plaintiffs' claim was improperly denied in part and substantially underpaid, resulting in damages to the Plaintiff.

14.     Together, Defendant Allstate and Mr. Bankston set about to deny and/or underpay on properly covered damages. Allstate and Mr. Bankston misrepresented to Plaintiffs that Mr. Bankston's estimate included all of Plaintiffs' properly covered damages and made sufficient allowances to cover the cost of repairs to Plaintiffs' Property pursuant to the Policy; when, in fact, Mr. Bankston's estimate failed to include many of Plaintiffs' properly covered damages and failed to allow for sufficient amounts to cover the cost of repairs to the Property. Defendant Allstate failed to provide full coverage for the damages sustained by Plaintiffs and under-scoped and undervalued Plaintiffs' damages, thereby partially denying payment on Plaintiffs' claim. As a result of the Defendant's unreasonable investigation, Plaintiffs' claim was improperly adjusted and Plaintiffs have been substantially underpaid and suffered damages. The mishandling of Plaintiffs' claim has caused a delay in Plaintiffs' ability to fully repair the Property, and has likely resulted in further damages to the dwelling. To date, Plaintiffs have yet to receive sufficient payment that they are entitled to under the Policy.

15.     As detailed in the paragraphs below, Defendant Allstate wrongfully denied Plaintiffs' claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiffs.

16.     Defendant Allstate failed to perform its contractual duty to adequately compensate Plaintiffs under the terms of the Policy. Specifically, it refused to pay adequate proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover

the damaged Property. Allstate's conduct constitutes a breach of the insurance contract between Allstate and Plaintiffs.

17. Defendant Allstate through its agent, Mr. Bankston, misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendant Allstate's conduct constitutes violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

18. Defendant Allstate failed to make an attempt to settle Plaintiffs' claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. Defendant Allstate's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

19. Defendant Allstate failed to explain to Plaintiffs the reasons for its partial denial of Plaintiffs' full claim. Specifically, Defendant Allstate failed to offer Plaintiffs adequate compensation, without sufficient explanation as to why full payment was not being made. Furthermore, Defendant Allstate did not communicate that any future settlements or payments would be forthcoming to pay for the losses covered under the Policy. The conduct of Defendant Allstate is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

20. Defendant Allstate refused to fully compensate Plaintiffs, under the terms of the Policy, even though Allstate failed to conduct a reasonable investigation. Specifically, Allstate and Mr. Bankston performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property. The conduct of Allstate and its agent, Mr. Bankston, constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

21.     Defendant Allstate failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information. Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

22.     Defendant Allstate failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiffs' claim longer than allowed and, to date, Plaintiffs have not received full payment for their claim. Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

23.     From and after the time Plaintiffs' claim was presented to Defendant Allstate, the liability of Allstate to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Allstate has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Allstate's conduct constitutes a breach of the common law duty of good faith and fair dealing.

24.     Defendant Allstate and Mr. Bankston knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiffs.

25.     As a result of Defendant Allstate's and Mr. Bankston's wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorney and law firm who is representing them with respect to these causes of action.

## VI.     CAUSES OF ACTION

26.     Defendant Allstate is liable to Plaintiffs for breach of contract, as well as violations of the Texas insurance Code, and breach of the common-law duty of good faith and fair dealing.

### A.   BREACH OF CONTRACT

27.     Plaintiffs incorporate the above-referenced paragraphs as if stated fully herein.

28.     Defendant Allstate's conduct constitutes a breach of the insurance contract made between Allstate and Plaintiffs.

29.     A contract exists when: 1) an offer is made for goods or services; 2) acceptance is followed thereafter; 3) there is a meeting of the minds between the parties; 4) each party consents to the essential terms; and 5) there is an execution and delivery of the contract with the intent that it is mutual and binding. *Baroid Equipment, Inc. v. Odeco Drilling, Inc.*, 184 S.W.3d 1, 17 (Tex.App.—Houston [1st Dist.] 2005, pet. denied).

30.     A party may breach the contract by failing to uphold its obligations under the terms of the contract, after the other party has already performed, and the second party has suffered damages.

31.     Defendant Allstate's failure and/or refusal, as described above, to pay adequate compensation as it is obligated to do under the terms of the policy in question, and under the laws of the State of Texas, after Plaintiffs fully performed all of their obligations under the policy, including the payment of the premium, constitutes a breach of Allstate's insurance contract with Plaintiffs.

### B.  NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

32.     Plaintiffs incorporate the above-referenced paragraphs as if stated fully herein.

33.     Defendant Allstate's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

34.     Defendant Allstate's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue – specifically, misrepresenting to Plaintiffs that damages sustained to the Property during the Incident were not covered despite the fact that damages were the result of a peril or perils covered by the policy at issue – constitutes an unfair

method of competition and an unfair and deceptive act or practice in the business of insurance. TEX INS. CODE §541.060(a)(1).

35.   Defendant Allstate's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Allstate's liability under the policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance,   TEX. INS. CODE §541.060(a)(2)(A).

36.   Defendant Allstate's unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for its failure to offer a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

37.   Defendant Allstate's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.   TEX. INS. CODE §541.060(a)(7).

38.   Plaintiffs would submit that this action is not only a violation of the Texas Insurance Code §541.060, but the act of knowingly making material misrepresentations of fact or opinion, to Plaintiffs by Allstate, knowing that this statement is false, constitutes fraud. Allstate made misrepresentations to Plaintiffs about their case, recklessly, without any knowledge of the truth; Allstate intended that Plaintiffs rely on its statements regarding the applicable coverage to the Property, and Plaintiffs relied on Allstate's statements regarding the same, and have sustained damages.

### C. NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

39.     Plaintiffs incorporate the above-referenced paragraphs as if stated fully herein.

40.     Defendant Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Violations under this article are made actionable by TEX. INS. CODE §542.060.

41.     Defendant Allstate's failure to notify Plaintiffs in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

42.     Defendant Allstate's delay of the payment of Plaintiffs' claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

### D. BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

43.     Plaintiffs incorporate the above-referenced paragraphs as if stated fully herein.

44.     Defendant Allstate's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

45.     "Good faith and fair dealing" is defined as the degree and diligence which a man of ordinary care and prudence would exercise in the management of one's own business. *Arnold v. Nat'l Mut. Fir Ins. Co.*, 725 S.W.2d 165, 167 (Tex. 1987). This tort arises from Texas law, which recognizes that a special relationship exists as a result of Plaintiffs' (the policyholders) and Allstate's (the insurer) unequal bargaining power. Part of this unequal bargaining power results from the fact that Allstate controls entirely the evaluation, processing, and denial of claims.

46.     By not inspecting the property for all of the claimed covered damages, Allstate and Mr. Bankston did not inspect and evaluate Plaintiffs' home as if it were their own home. Allstate's and Mr. Bankston's investigation and evaluation was not reasonable; thus, there is no reasonable basis

for withholding payment for Plaintiffs' covered damages. Texas courts have held that the mere fact that an insurer relies upon an expert's report to deny a claim does not automatically foreclose bad faith recovery as a matter of law. *See Southland Lloyds Ins. Co. v. Cantu,* 399 S.W.3d 558, 570 (Tex. App. 2011) (citing *State Farm Lloyds v. Nicolau,* 951 S.W.2d 444,448 (Tex.1997)). Rather, reliance on expert reports, alone, will not necessarily shield the carrier if there is evidence that the report was not *objectively prepared* or the insurer's reliance on the report was *unreasonable. See Id.* (emphasis added) (citing *Nicolau,* 951 S.W.2d at 448). As the foregoing paragraphs establish, Mr. Bankston's report was not objectively prepared (*see supra* ¶¶ 9, 12); therefore, Allstate's reliance on his estimate was unreasonable and in violation of the duty of good faith and fair dealing. Moreover, Allstate's overall conduct in handling Plaintiffs' claim was not reasonable.

47.     Therefore, Defendant Allstate's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claim, although, at that time, Allstate, through its agent, Mr. Bankston, knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## E. ACTS CONSTITUTING ACTING AS AGENT

48.     Plaintiffs incorporate the above-referenced paragraphs as if stated fully herein.

49.     As referenced and described above, and further conduct throughout this litigation and lawsuit, Mr. Bankston is an agent of Defendant Allstate based on Defendant Allstate's acts, ratification, negligent hiring and training, supervision and/or omissions during the handling of this claim, including but not limited to, inspections, adjustments, and aiding in adjusting a loss for or on behalf of the insurer. TEX. INS. CODE §4001.051.

50.     Separately, and/or in the alternative, as referenced and described above, Defendant Allstate ratified the acts, negligent hiring and training, supervision and/or omissions of Mr. Bankston, including the completion of his duties under the common law and statutory law.

### F.  GROSS NEGLIGENCE

51.     Plaintiffs incorporate the above paragraphs as if stated fully herein.

52.     Plaintiffs are entitled to exemplary damages as a result of Defendant Allstate's breach of duties owed, as described above.  When viewed objectively from the standpoint of the Defendant at the time of the occurrence in question, Defendant's conduct involved an extreme degree of risk, considering the probability and magnitude of the harm to others, or the risk of financial ruin to others, and of which the Defendant had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others.  In the alternative, Defendant had specific intent to cause substantial harm to Plaintiffs.

### VII.    KNOWLEDGE

53.     Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiffs' damages described herein.

### VIII.  DAMAGES

54.     Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

55.     As previously mentioned, the damages caused by the April 28, 2016 hail storm and/or windstorm have not been properly addressed or repaired in the months since the Incident, causing further damages to the Property, and causing undue hardship and burden to Plaintiffs.  These damages are a direct result of Defendant Allstate's mishandling of Plaintiffs' claim in violation of the laws set forth above.

56.     For breach of contract, Plaintiffs are entitled to regain the benefit of the bargain, which is the amount of their claim, together with attorney's fees.

57.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees.  For knowing conduct of the acts described above, Plaintiffs ask for three times their actual damages.  TEX. INS. CODE §541.152.

58.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of their claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees.  TEX. INS. CODE §542.060.

59.     For breach of the common-law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

60.     For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorney whose name is subscribed to this pleading.  Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## IX. REQUEST FOR DISCLOSURE

61.     Under Texas Rules of Civil Procedure 194, Plaintiffs hereby request Defendant Allstate disclose, within fifty (50) days of service of this request, the information or material described in Texas Rule of Civil Procedure 194.2 (a) through (l).

## X. PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs pray that upon trial hereof, said Plaintiffs have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which they are justly entitled.

Respectfully submitted,

**ARGUELLO LAW FIRM**
1110 NASA Parkway, Suite 620
Houston, Texas 77058
Telephone: (281) 532-5529
Facsimile: (281) 402-3534

By:  */s/ Andres Arguello*
ANDRES ARGUELLO
State Bar No. 24088970
andres@simplyjustice.com
PHILIP BRODERICK
State Bar No. 24094561
philip@simplyjustice.com
NISHI KOTHARI
State Bar No. 24087862
kothari@simplyjustice.com

***COUNSEL FOR PLAINTIFF***
***RALPH NEFF AND MIRIAM NEFF***

PRIVATE PROCESS

2017CI00597  S00001

Case Number: 2017-CI-00597

**RALPH NEFF ET AL**
**VS.**
**ALLSTATE VEHICLE AND PROPERTY INSURANCE**
(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
407th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## CITATION

"THE STATE OF TEXAS"

Directed To: ALLSTATE VEHICLE AND PROPERTY INSURANCE CO

DELIVERED THIS ____ DAY OF ____
AT ____ : ____ AM/PM
BY: ____
PROFESSIONAL CIVIL PROCESS
INITIALS: ____ LIC# ____

BY SERVING ITS REGISTERED AGENT, CT CORPORATION SYSTEM

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you." Said petition was filed on the 12th day of January, 2017.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 17TH DAY OF JANUARY A.D., 2017.

PETITION

ANDRES A ARGUELLO
ATTORNEY FOR PLAINTIFF
1110 NASA PKWY 620
HOUSTON, TX 77058-3310



**Donna Kay McKinney**
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By: *Debra Cantu,* Deputy

---

#### OFFICER'S RETURN

I received this citation on _____ at _____ o'clock ___M. and:( ) executed it by delivering a copy of the citation with the date of delivery endorsed on it to the defendant,_____ in person on the _____ at _____o'clock ___M. at:_____ or ( ) not executed because _____ Fees:_____ Badge/PPS #:_____ Date certification expires:_____

_____County, Texas

By:_____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO this _____.

_____
NOTARY PUBLIC, STATE OF TEXAS

OR: My name is_____, my date of birth is_____, and my address is _____,_____(County).
I declare under penalty of perjury that the foregoing is true and correct. Executed in _____County, State of Texas, on the _____ day of_____, 20_____.

_____
Declarant

ORIGINAL (DK002)

**EXHIBIT**
**B-2**

FILED
3/3/2017 3:21:16 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Christopher Morrow

CAUSE NO. 2017CI00597

| | | |
|---|---|---|
| RALPH NEFF AND MIRIAM NEFF | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | BEXAR COUNTY, TEXAS |
| | § | |
| ALLSTATE VEHICLE AND PROPERTY | § | |
| INSURANCE COMPANY | § | |
| | § | |
| | § | |
| Defendant. | § | |
| | § | 407th JUDICIAL DISTRICT |

### DEFENDANT ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Allstate Vehicle and Property Insurance Company ("Defendant") and files this Original Answer and would respectfully show the following:

### I.
### ORIGINAL ANSWER

1.1    Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every, all and singular, the allegations contained within Plaintiffs' Original Petition, and demands strict proof thereon by a preponderance of the credible evidence in accordance with the Constitution and laws of the State of Texas.

### II.
### PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Allstate Vehicle and Property Insurance Company prays that upon final trial and hearing hereof, Plaintiffs recover nothing from Defendant, but Defendant goes hence without delay and recovers costs of court and other such further relief, both general and special, to which Defendant may be justly entitled.



Respectfully submitted,

_/s/ Roger D. Higgins_

Roger D. Higgins         State Bar No. 09601500
Vanessa A. Rosa          State Bar No. 24081769

THOMPSON, COE, COUSINS & IRONS, L.L.P.
Plaza of the Americas
700 N. Pearl Street, Twenty-Fifth Floor
Dallas, Texas 75201-2832
Telephone:  (214) 871-8200
Telecopy:  (214) 871-8209
rhiggins@thompsoncoe.com
vrosa@thompsoncoe.com

**ATTORNEYS FOR DEFENDANT
ALLSTATE VEHICLE AND PROPERTY
INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

This is to certify that on March 3, 2017, a true and correct copy of the foregoing was delivered to the following counsel for Plaintiffs by electronic service:

Andres Arguello
Arguello, Hope & Associates PLLC
1110 NASA Parkway, Suite 620
Houston, Texas 77058
andres@simplyjustice.com

_/s/ Vanessa A. Rosa_
Vanessa A. Rosa